ORIGINAL

LAW OFFICES OF IAN L. MATTOCH

IAN L. MATTOCH 898-0
STUART M. KODISH 4698-0
Pacific Guardian Center
737 Bishop Street, Suite 1835
Honolulu, Hawai`i 96813
Telephone: 523-2451

Attorneys for Plaintiffs

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 27 2007

at 3 o'clock and 60 min. 5 M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| KIMBERLEE FELICIANO, Individually and as Personal Representative of the Estate of KAEDEN FELICIANO, Deceased; AND BRYAN FELICIANO,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CIVIL NO. CV07 00494 ACK BMK<br><br>COMPLAINT |

COMPLAINT

Plaintiffs KIMBERLEE FELICIANO, Individually and as Personal Representative of the Estate of KAEDEN FELICIANO, Deceased; and BRYAN FELICIANO, by and through their attorneys, the Law Offices of Ian L. Mattoch, state their allegations, averments and claims for relief as follows:

COUNT I
MEDICAL NEGLIGENCE

1. This action is brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.*, as set forth more fully herein.

2. Plaintiff KIMBERLEE FELICIANO was the legal mother of Decedent KAEDEN FELICIANO and is the Personal Representative for his Estate. Plaintiff KIMBERLEE FELICIANO resides in the City and County of Honolulu, State of Hawai`i.

3. Plaintiff BRYAN FELICIANO was the legal father of Decedent KAEDEN FELICIANO. Plaintiff BRYAN FELICIANO resides in the City and County of Honolulu, State of Hawai`i.

4. At all times relevant herein, Defendant UNITED STATES OF AMERICA operated the TRIPLER ARMY MEDICAL CENTER (hereinafter referred to as "Tripler") as a Federally Supported Medical Center in the City and County of Honolulu, State of Hawai`i, which was engaged in providing medical care and treatment.

5. On January 11, 2007, an administrative claim was presented by the Plaintiffs to the Medical Claims Attorney, Tripler Army Medical Center. Said agency having failed to make a final disposition of said claim, Plaintiffs deem such failure to be a denial thereof. Plaintiffs may file suit in the

appropriate U.S. District Court (45 C.F.R. 35.2(b) and 28 U.S.C. 2675 (a)). This action is properly brought in Federal Court for the District of Hawaii.

6. At all times relevant herein, Defendant held itself out to the public and to the Plaintiffs as having and possessing the requisite skill, competence, facilities and personnel to properly care for and treat Plaintiff-Decedent KAEDEN FELICIANO.

7. At all times relevant herein, Defendant provided personnel, including doctors, nurses, attendants, and others for the care and treatment of patients, including Plaintiff-Decedent KAEDEN FELICIANO.

8. The acts and occurrences complained of in this matter occurred at the facilities of the TRIPLER ARMY MEDICAL CENTER within the City and County of Honolulu, State of Hawai`i. This Court has jurisdiction and venue over this matter pursuant to 28 U.S.C. §1346(b), §1391(e) and §1402(b).

9. KIMBERLEE FELICIANO, mother of KAEDEN FELICIANO, was a patient at Tripler where she had been admitted to the Antepartum Ward for monitoring as she was pregnant with monochorionic, monoamniotic twins. KIMBERLEE FELICIANO was at 27 weeks plus three days gestation when she was admitted on February 6, 2006. Tripler was performing fetal non-stress tests regularly to ensure that the twins were not in distress.

10. On the afternoon of February 13, 2006, the fetal monitor strips for both twins were reassuring. A second non-stress test was done that evening starting at approximately 20:58. Twin B (KAEDEN) was showing decelerations. At 21:10, the nurses repositioned KIMBERLEE FELICIANO to her right side, however, KAEDEN (Baby B) continued to show indications on the fetal monitor of distress. Nurses contacted Grant McWilliams, M.D. at 21:32 via messenger regarding the concerning fetal monitor strip. Dr. Williams was in the ICU with another patient, but instructed the nurses to have KIMBERLEE FELICIANO transferred up to the Labor and Delivery Department at that time. KIMBERLEE FELICIANO was taken off the fetal monitor around 21:50. Dr. Williams reported that he received the fetal monitor strip at approximately 22:05 and asked again that the patient be taken to the Labor and Delivery floor.

11. KIMBERLEE FELICIANO waited until staff was available to push her up to the Labor and Delivery Department, which was on another floor. KIMBERLEE FELICIANO reached the Labor and Delivery Department at approximately 22:15. KIMBERLEE FELICIANO remained sitting in the reception area until they moved her into a room and hooked her up to a monitor at approximately 22:48. The fetal monitor indicated that only Baby A (Kaeleb) had a heart beat. An ultrasound was performed at 23:10 and confirmed that there was only one heart beating.

12. Dr. McWilliams and Bruce Chen, M.D. were notified of the situation at 23:12 and an emergency Caesarean section was performed with Baby A (Kaeleb) delivered live at 23:47 and Baby B (KAEDEN) was delivered dead at 23:50. The babies were 28 weeks plus four days gestation at delivery.

13. Plaintiffs allege that Tripler Army Medical Center, the Tripler nursing staff and physicians' ("Tripler") conduct failed to meet the applicable standards of care for a similar medical facility and staff in a similar situation. Plaintiffs allege that Tripler's nursing staff failed to meet the applicable standards of care for similar nurses in a similar situation.

14. Tripler did not provide adequate observation, diagnosis and care for KIMBERLEE FELICIANO's condition. Tripler had the capability of properly monitoring Baby KAEDEN and performing a timely C-section on Plaintiff, KIMBERLEE FELICIANO. It was negligence that KIMBERLEE FELICIANO was left without monitoring at a time when fetal distress was confirmed and that a timely emergent C-section was not performed at Tripler Army Medical Center.

15. Decedent KAEDEN FELICIANO died on February 13, 2006 in Honolulu, Hawaii, as a result of the negligence of Tripler's personnel, who were employed by Defendant and acting within the course and scope of their employment.

16. Decedent KAEDEN FELICIANO died as a result of Defendants' breaches of the standard of care, including but not limited to, failure to provide adequate observation, diagnosis and care for Plaintiff KIMBERLEE FELICIANO's condition. Defendants also failed to properly monitor Decedent KAEDEN FELICIANO and perform a timely C-section on Plaintiff KIMBERLEE FELICIANO. Defendant was also negligent that Plaintiff KIMBERLEE FELICIANO was left without monitoring at a time when fetal distress was confirmed.

17. The aforesaid negligence and breaches of the applicable standards of care of Defendants were the direct, proximate and legal causes of death of Decedent KAEDEN FELICIANO. As a result, Plaintiffs KIMBERLEE FELICIANO and BRYAN FELICIANO suffered a loss of love, affection, society and consortium of Decedent KAEDEN FELICIANO.

18. The Estate of KAEDEN FELICIANO, as a direct, proximate and legal result of the negligence and breaches of the applicable standards of care of Defendant, has suffered damages arising from the death of KAEDEN FELICIANO which are permitted under 28 U.S.C. §2674 and other applicable law.

COUNT II - *RESPONDEAT SUPERIOR*

19. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

20. At all times relevant herein, Tripler's personnel were in the course and scope of their employment as agents and/or employees of Defendant UNITED STATES OF AMERICA.

21. Defendant UNITED STATES OF AMERICA is vicariously liable for the negligence of its agents and/or employees who were in the course and scope of their duties under the doctrine of *respondeat superior.*

WHEREFORE, Plaintiffs pray that judgment be entered in their favor and against Defendant UNITED STATES OF AMERICA for all general and special damages caused by Defendant, as well as the costs of suit, attorneys' fees, prejudgment and post-judgment interest, and all other relief to which they are entitled. Plaintiffs contend that the amount of damages as alleged herein falls within the jurisdictional requirements of this Court.

DATED: Honolulu, Hawai`i, SEP 27 2007.

Stuart M Kodish

IAN L. MATTOCH
STUART M. KODISH
Attorneys for Plaintiffs